UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CAMERON BERTRANG,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. CR 04-00122 SJO<br><br>**ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE DUE TO IMPROPERLY CALCULATED CRIMINAL HISTORY AT TIME OF SENTENCING AND AMENDED SECTION 4A1.2(c)(1)(A) PURSUANT TO 28 U.S.C. § 2241, 28 U.S.C. § 2243 AND § 3582(c)(2)**<br>[Docket No. 162] |

Before the Court is Petitioner Todd Cameron Bertrang's ("Bertrang") Motion to Reduce Sentence Due to Improperly Calculated Criminal History at Time of Sentencing and Amended Section 4A1.2(c)(1)(A) Pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 2243 and § 3582(c)(2), filed June 11, 2008. Respondent United States of America (the "Government") filed a Response. For the following reasons, Bertrang's Motion is DENIED.

I.    BACKGROUND

Bertrang pleaded guilty to several offenses and was sentenced to 60 months prison and three years of probation on June 8, 2005. (J. and Probation/Commitment Order 1.)

Bertrang had a criminal history category of III for sentencing purposes. (PSR ¶ 166.) Among his prior offenses were four traffic-related convictions: in February, 1992, he was convicted of driving on a suspended or revoked license in violation of California Vehicle Code § 14601.1 and received a sentence of 24 months probation; in April, 1996, he was convicted a second time of

driving on a suspended or revoked license and received 36 months probation; in April, 1997, he was convicted a third time of driving on a suspended or revoked license and again received 36 months probation; and in August, 1998 he was convicted of driving without a license in violation of California Penal Code § 12500 and received 36 months probation. (PSR ¶¶ 97, 107, 110, 113.) Thus, under the Sentencing Table of the advisory United States Sentencing Guidelines, Bertrang's total criminal history points established the criminal history category of III. *See* U.S. Sentencing Guidelines Manual § 4A1.2(c)(1); *see also* U.S. Sentencing Guidelines Manual Sentencing Table.

At the time Bertrang was convicted, a conviction for driving without a license or for driving with a suspended or revoked license only counted when determining a defendant's criminal history category if the defendant received a sentence of *at least* one year of probation. U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (1993). But while Bertrang was serving his sentence, the guidelines were amended so that such a conviction is now only counted if the defendant received a sentence of *more* than one year of probation. U.S. Sentencing Guidelines Manuel § 4A1.2(c)(1) (2007).

II.  DISCUSSION

Bertrang argues that his sentence should be reduced because the 2007 amendment to the United States Sentencing Guidelines should apply retroactively to lower his criminal history category to zero. (Pet'r's Mot. 1-3.) He claims that he had only one prior traffic-related conviction, for which he had received eighteen days in jail and one year of probation. (Pet'r's Mot. 3.) He argues that the amendment should apply retroactively, reducing his sentence. (Pet'r's Mot. 3.)

Section 4A1.2(c)(1) of the United States Sentencing Guidelines lists prior offenses that are counted when determining a defendant's criminal history category if "the sentence was a term of probation of *more than one year*[.]" U.S. Sentencing Guidelines Manual § 4A1.2(c)(1)(A) (2007) (emphasis added). "Driving without a license or with a revoked or suspended license" is a prior offense included in the § 4A1.2(c)(1) list. *Id.*

Prior to 2007, § 4A1.2(c)(1) listed prior offenses that were counted if "the sentence was a term of probation of *at least* one year[.]" U.S. Sentencing Guidelines Manual § 4A1.2(c)(1)(A)

(1993) (emphasis added). "Driving without a license or with a revoked or suspended licenses" was included as a prior offense. *Id.*

Here, Bertrang's sentence would not change even if the recently amended version of § 4A1.2(c)(1)(A) was retroactively applied to his case because he was convicted of driving on a suspended or revoked license three times and of driving without a license once, receiving sentences in excess of one year of probation each time. The amendment simply does not help Bertrang. The only difference between the unamended and the amended version of the guidelines is that the amendment raises the minimum period of probation from one year to more than one year. Bertrang is mistaken when he asserts that he was only once convicted of a traffic-related offense, for which he served one year of probation. In fact, he was convicted of traffic-related offenses four times. More to the point, he served two or three years of probation for each conviction. For this reason, his criminal history category would not be changed by retroactively applying the amended version of § 4A1.2(c)(1)(A). Reducing his sentence is unjustified.

III. <u>RULING</u>

For the above reasons, Bertrang's Motion is DENIED.

IT IS SO ORDERED.

November 10, 2008 /S/ S. James Otero

                                  S. JAMES OTERO
                           UNITED STATES DISTRICT JUDGE